United States District Court
Southern District of Texas
**ENTERED**
March 31, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| COLFLETAR SAS and CTR GROUP SA, Plaintiffs, | § § § § § | CIVIL ACTION NO 4:22-cv-04518 |
| vs. | § § § | JUDGE CHARLES ESKRIDGE |
| THOMPSON PIPE GROUP INC, *et al*, Defendants. | § § § § | |

## ORDER

The motion by Defendants Thompson Pipe Group, Inc, and TPG Pressure, Inc, for countersecurity is granted. Dkt 61.

Their motion to exclude an expert witness retained by Plaintiffs Colfletar SAS and CTR Group SA is denied. Dkt 63.

1. Countersecurity

Contained within the Federal Rules of Civil Procedure is Rule E(7)(a) of the Supplemental Rules for Admiralty or Maritime Claims and Forfeiture Actions, which provides for security on counterclaims. It states in relevant part:

> When a person who has given security for damages in the original action asserts a counterclaim that arises from the transaction or occurrence that is the subject of the original action, a plaintiff for whose benefit the security has been given must give security for damages demanded in the counterclaim unless the court, for cause shown, directs otherwise.

"The purpose of Rule E(7) is to place the parties on a basis of equality as regards security." *Vic Franck's Boat Co v Yacht Sunchaser III*, 508 F Supp 609, 610 (WD Wash 1981), citing *Seaboard & Caribbean Transport Corp v Hafen-Dampfschiffahrt AG Hapag-Hadec Seebaderdienst*, 329 F2d 538 (5th Cir 1964). Given its text, the Fifth Circuit holds that district courts maintain broad discretion as to whether an order for countersecurity is appropriate. See *Transportes Caribe, SA v M/V Feder Trade*, 860 F2d 637, 639 (5th Cir 1988). And the decision whether to require a party to post countersecurity, or to excuse it "for cause shown," derives from equitable considerations. *Titan Navigation, Inc v Timsco, Inc*, 808 F2d 400, 404 (5th Cir 1987). "In doing so, the court must weigh the importance of the security interest giving rise to the initial seizure, and the burden of posting countersecurity, against the potential injustice of requiring the defendant-counterclaimant to post security without affording reciprocal protection." Ibid.

Thompson Pipe was required to post a cargo-release bond at the outset of this action in the amount of $1.5 million. Dkt 11 (cargo release bond). It thereafter brought its own motion for countersecurity after filing its counterclaims. Dkt 37. The motion was denied because the extent to which such claims might be well-grounded was unclear at that point. Dkt 44.

Its renewed motion establishes that its counterclaims plainly aren't frivolous, arguing further that a presumption now exists that Colfletar should post countersecurity. Dkt 61 at 9–10 (citations omitted). And a motion by Colfletar for summary judgment as to the counterclaims asserted by Thompson Pipe was denied this same day. It's thus beyond peradventure that the claims asserted by Thompson Pipe are neither frivolous nor so lacking merit that the request for countersecurity could be viewed "solely to secure a negotiating advantage over the complainant." *Titan Navigation,* 808 F2d at 404. Argument to the contrary by Colfletar, Dkt 67 at 4–7, is of no avail in light of that ruling.

Also to be considered is the "importance of the security interest giving rise to the initial seizure" and the burden of posting countersecurity, as weighed against "the potential injustice of requiring the defendant-counterclaimant to post security without affording reciprocal protection." *Titan Navigation*, 808 F2d at 404. Colfletar recognizes these factors as part of the countersecurity test but doesn't brief them. Dkt 67 at 3–4. Such failure concedes their favorability to Thompson Pipe. See Local Rule 7.4.

Suggestion by Colfletar at hearing that it would be unable to post countersecurity isn't persuasive. See Dkt 77 at 8:6–9:18 (hearing transcript of 11/21/2023). It is the party who initiated this action, and such argument serves only to confirm concerns expressed by Thompson Pipe that it actually needs countersecurity.

Colfletar also references the per-package limitation of the Carriage of Goods by Sea Act as a limitation of its own countersecurity. See Dkt 67 at 7–8. But its failure to establish its own qualification for COGSA's protections was part of the ruling as to Thompson Pipe's motion for partial summary judgment also entered this same day.

The motion by Thompson Pipe to require Colfletar to post countersecurity will thus be granted. Dkt 61.

    2. Expert testimony

Jo-Anne Daniels is an expert retained by Colfletar. She has submitted a report and would provide opinion testimony on (i) "the industry standards with respect to a Logistics Service Provider," and (ii) "whether Colfletar complied with the industry standards" with respect to the typical duties of a logistics service provider. Dkt 63-1 at 2 (expert report).

Thompson Pipe moves to exclude Daniels, asserting that she (i) seeks to impermissibly offer a legal interpretation of the applicability of a particular international trade standard (known as FCA Incoterm) to this case and to opine as to the ultimate issue, (ii) formed her opinions based on speculation, and (iii) is otherwise unhelpful to the trier of fact. Dkt 63 at 2–3.

The parties agree that this is an admiralty and maritime case that will be tried to the bench. Dkt 23 at 6 (joint discovery and case management plan). This doesn't remove the requirement that proffered expert testimony must be "both reliable and relevant." *Wells v SmithKline Beecham Corp*, 601 F3d 375, 378 (5th Cir 2010). But it also needn't be determined in advance of trial, where the trier of fact is also the one to determine expert admissibility.

The motion to exclude will be denied without prejudice. Dkt 63. Concerns as to both weight and admissibility may be reasserted on a more complete record during trial.

### 3. Conclusion

The renewed motion by Defendants Thompson Pipe Group, Inc, and TPG Pressure, Inc, for countersecurity to secure payment of its damages claim is GRANTED. Dkt 61.

The parties may either stipulate as to an appropriate amount, or Defendants may present an order with supporting rationale for the amount requested. See id at 13.

Their motion to exclude an expert report and testimony is DENIED WITHOUT PREJUDICE. Dkt 63.

SO ORDERED.

Signed on March 31, 2025, at Houston, Texas

_____
Hon. Charles Eskridge
United States District Judge